UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST CALVINO, JR.,

                Plaintiff,

        -against-

F.B.I.,

                Defendant.

20-CV-468 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff brings this action *pro se*, invoking the Court's federal question jurisdiction. By order dated January 21, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

---

[1] Plaintiff has filed approximately 45 actions within the past month, many of which have been dismissed as frivolous. Because of this abuse of the privilege of proceeding without prepaying the filing fee, the Court directed Plaintiff in *Calvino v. L.*, ECF 1:19-CV-11958 (S.D.N.Y. Jan. 10, 2020), to show cause why he should not be barred from filing new actions IFP without first obtaining leave of court.

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Ernest Calvino Jr. brings this action against the Federal Bureau of Investigation (FBI), invoking the Court's federal question jurisdiction. Plaintiff contends that the FBI has violated his right to "freedom of information," including "information related to [him] [and] information of investigation [sic]." (ECF 2, at 2.)

Plaintiff states that he "need[s] information . . . related to [his] investigation and complain[t]s that [he has] filed in the past." (*Id.* at 5.) He explains that he would "like [to] obtain a copy for legal civil, legal criminal, legal federal atto[r]neys and other people that can support [him] with legal services." (*Id.*)

## DISCUSSION

The Freedom of Information Act (FOIA), 5 U.S.C. § 552, provides members of the public a right to access some information from federal executive agencies. Federal courts have jurisdiction to enforce this right if a requester can show that "an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). The "[FOIA] authorizes suit against federal agencies, not against individuals." *Times Newspapers of Great Britain, Inc. v. CIA*, 539 F. Supp. 678, 685 (S.D.N.Y. 1982) (internal quotation marks omitted).

Under the FOIA, an applicant must exhaust administrative remedies by completing the administrative appeal process before seeking judicial review. 5 U.S.C. § 552(a)(6)(A)(i)-(ii); *see Sloman v. U. S. Dep't of Justice*, 832 F. Supp. 63, 65-66 (S.D.N.Y. 1993). The exhaustion requirement allows the targeted agency to correct its own errors to obviate unnecessary judicial review. *See McKart v. United States*, 395 U.S. 185, 193-94 (1969).

The FOIA establishes the following administrative process:

> Each agency, upon any request for records . . . shall--(i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of – (I) such determination and the reasons therefor[.]

5 U.S.C. § 552(a)(6)(A)(i); *see* 28 C.F.R. § 16.6(b), (c). If the request is denied, the requester may appeal the adverse determination to the head of the agency within 90 days. 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). While "[e]xhaustion of administrative remedies is normally required as a precondition to suit under the FOIA," *McKevitt v. Mueller*, 689 F. Supp. 2d 661, 667 (S.D.N.Y. 2010), if an agency fails to comply with the applicable time limits, a requester is deemed to have exhausted his administrative remedies, 5 U.S.C. § 552(a)(6)(C)(i); *New York Times Co. v. United States Dep't of Labor*, 340 F. Supp. 2d 394, 398 (S.D.N.Y. 2004) ("[P]rior to judicial review, the [plaintiff] must exhaust h[is] administrative remedies.").[2]

Here, the complaint could be liberally construed as asserting a claim that the FBI improperly withheld information under the FOIA. Plaintiff does not allege, however, that he exhausted his administrative remedies before filing this action. The claim is therefore dismissed without prejudice to Plaintiff's filing a new action after exhausting his administrative remedies in the manner set forth above.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is

---

[2] The district court of the United States in the district in which the requester resides or has his principal place of business, or in which the agency records are situated, or the District of Colombia, has jurisdiction to enjoin the agency from withholding agency records improperly held from the requester. 5 U.S.C. § 552(a)(4)(B).

dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 27, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge